**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANTOINE MAURICE MOORE,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**LUCAS COUNTY SHERIFF** )<br>**DEPARTMENT,** )<br>)<br>Respondent. ) | **CASE NO. 3:18 CV 2067**<br><br>**JUDGE DAN AARON POLSTER**<br><br>**<u>MEMORANDUM OPINION</u>**<br>**<u>AND ORDER</u>** |

Pro se Petitioner Antoine Maurice Moore ("Moore" or "Petitioner"), a pretrial detainee presently confined in the Lucas County Jail in connection with a pending prosecution on state criminal charges in the Lucas County Court of Common Pleas (Case No. CR 18-2589) for complicity in the commission of escape, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #: 1 ("Petition); 1-2). Moore has moved to proceed with this action in forma pauperis (Doc. #: 2); that Motion is granted.

In the Petition and attachments thereto, Moore asks this Court to review the evidence in his pending state criminal case, contending that a "false affidavit" was filed (*see* Doc. #: 1-3). After a petition for a writ of habeas corpus is filed, the Court must promptly undertake a preliminary review of the petition. "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4, Rules Governing § 2254 cases; *see also* 28 U.S.C. § 2243.

As an initial matter, federal habeas corpus review under § 2254 is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On the face of the Petition, Moore indicates that he is a pretrial detainee in custody pursuant an indictment in a pending criminal case in the Lucas County Court of Common Pleas, not pursuant to a state court judgment. By the terms of the statute, Moore is not entitled to habeas review under § 2254. *Phillips v. Court of Common Pleas, Hamilton Cty.*, 668 F.3d 804, 809 (6th Cir. 2012).[1]

The Sixth Circuit has "long recognized" that pretrial detainees may pursue habeas relief under § 2241. *Id.* While exhaustion is not a statutory requirement under § 2241 as it is under § 2254, pretrial detainees pursuing habeas relief pursuant to § 2241 must still exhaust available state court remedies before seeking relief in federal court.[2] *Phillips*, 668 F.3d at 810 n.4 (citation omitted). Petitioner challenges the evidence against him in a pending criminal case, but he may challenge that evidence in proceedings in the Lucas County Court of Common Pleas and, if convicted, on direct appeal. Moore has not exhausted his state court remedies and is not entitled to habeas review under § 2241.

Moreover, the *Younger* abstention doctrine precludes federal intrusion into ongoing state

---

[1] Section 2254 also requires that a state prisoner exhaust his state court remedies before a federal court may review a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b) and (c). Moore is not entitled to relief under § 2254 for the additional reason that he has not exhausted his state court remedies with respect to the issues raise in the Petition. *See* 28 U.S.C. § 2254(b) and (c) (a petitioner has not exhausted his available state court remedies within the meaning of § 2254 if he has the right under state law to raise the issue presented in the petition before the state courts).

[2] Exhaustion under § 2241 may be excused, however, if pursuing state court remedies would be futile or would not afford petitioner the relief he seeks. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Neither exception applies here.

criminal prosecutions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971) and *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). Federal courts should not interfere with pending state court criminal proceedings absent a threat of great and immediate irreparable harm.[3] *Younger*, 401 U.S. at 46 (The "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution[] could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.") (citation omitted).

For all of the foregoing reasons, the Petition is premature and is dismissed without prejudice because Moore has failed to exhaust his state court remedies and because it is appropriate for this Court to abstain from interfering in Moore's pending state criminal case. *See Bowling v. Napoleon*, No. 2:14-CV-12857, 2014 WL 4284686 (E.D. Mich. Aug. 29, 2014) (dismissing as premature habeas petition alleging the prosecutor presented perjured testimony to bind petitioner over for trial and challenging pending state criminal prosecution).

---

[3] The Sixth Circuit has recognized three exceptions to *Younger* abstention from pending state criminal proceedings when a petitioner: (1) seeks a speedy trial, (2) seeks to avoid a second trial on the grounds that it would constitute double jeopardy, or (2) challenges the State's attempt to retry him rather than permit him to accept a plea offer originally rejected due to ineffective assistance of counsel. *See Khamisi v. Butler Cty. Sheriff*, No. 1:18-CV-255, 2018 WL 3866660, at *1 (S.D. Ohio Aug. 14, 2018) (citing *Atkins v. Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *Turner v. Tenn.*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)). None of these exceptions apply here.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith,[4] and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

   s/ *Dan Aaron Polster*    9/18/2018
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.